**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**REV. GERALD KINER**,

*Plaintiff*,

v. Case No. 2:25-cv-02955-BCL-atc

**CHANCELLOR MELANIE TAYLOR JOHNSON**,

*Defendant*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, submitted August 6, 2026.[1] Doc. 29. The Report recommends that Defendant's December 18, 2025, Motion to Dismiss (Doc. 19) be granted and the case dismissed. Doc. 29 at 10. Plaintiff filed timely objections to the Magistrate Judge's recommendation. Doc. 30. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 30) and **ADOPTS** the Report and Recommendation. Doc. 29. Therefore, Defendants' Motion to Dismiss (Doc. 19) is **GRANTED** and this case is **DISMISSED**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive

[1] The case was originally assigned to Judge Thomas L. Parker. Doc. 1. Judge Parker transferred the case to the undersigned in March 2026. Doc. 27.

orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

**ANALYSIS**

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds no error in the Magistrate Judge's analysis or conclusions.

**Objection 1:** Plaintiff objects that Magistrate Judge Christoff erred in concluding that *Younger* abstention applies because this case does not fall into one of the categories of cases identified in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 78 (2013). Doc. 30 at 2. Plaintiff is incorrect: The order at issue here is one setting aside an erroneous default so that a case can be adjudicated on the merits—meaning that it is uniquely in furtherance of the quintessential judicial function of deciding cases. *See NOPSI v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989) (giving as examples civil contempt orders and requirement for posting bond pending appeal, both of which are a step removed from litigation). Therefore, Plaintiff's first objection is **OVERRULED.**

**Objection 2:** Plaintiff argues that Magistrate Judge Christoff erred in concluding that he lacks standing due to his voluntary dismissal of the state lawsuit, when (in Plaintiff's view) the

issue should have been analyzed under mootness. Doc. 30 at 3-4. Perhaps the issue would have been better described as an issue of mootness, even if "[m]ootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 (1997). But Plaintiff has offered no explanation for how and why the change in doctrinal rubric would matter here, which means that he has forfeited his objection by failing to adequately present it. *See Hobbs v. West*, No. 1:25-CV-01231-BCL-CGC, 2026 WL 2724939, at *2 (W.D. Tenn. Sept. 15, 2026) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). And, in any event, there is no apparent error: Dismissal of the underlying state lawsuit in which the default judgment was entered mooted this federal proceeding by which Plaintiff seeks to reimpose the default judgment in that lawsuit. This objection is **OVERRULED**.

**Objection 3:** Plaintiff objects that Magistrate Judge Christoff did not adequately explain her decision to consider Defendant's Motion to Dismiss and, specifically, her conclusion that Defendant showed excusable neglect for filing that Motion after the deadline. Doc. 30 at 4-5. But the Magistrate Judge was not required to write a treatise explaining her decision to consider the Motion, and Defendant did show excusable neglect for the 10-days late filing—namely, an "administrative calendaring error." Doc. 22. The short delay in filing did not materially impact judicial proceedings, there is no indication of bad faith, and Plaintiff is not prejudiced beyond the prejudice inherent in having one's claims challenged. Moreover, as Magistrate Judge Christoff noted, the Court *must* consider the jurisdictional issues raised by the Motion whether or not the Motion was timely filed. For both of those independent reasons, this objection is **OVERRULED**.

**Objection 4:** Plaintiff objects to Magistrate Judge Christoff's characterization of the default order entered by Defendant as being "mistakenly entered." Doc. 30. That characterization played no role in Magistrate Judge Christoff's recommended disposition, and for that reason it is irrelevant in assessing whether the Report and Recommendation should be adopted. For that reason, this objection is **OVERRULED**. *See Taylor v. Haven Hill MHP,* 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021) ("Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue.").

**Objection 5:** Invoking 42 U.S.C. § 1983, Plaintiff objects that Magistrate Judge Christoff should not have broadly treated the issue of judicial immunity, but should have instead considered the issue on a remedy-by-remedy basis. Doc. 30 at 7. Section 1983 itself says that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As Magistrate Judge Christoff noted, Plaintiff "has not alleged that any decree was violated, nor that he was unable to seek declaratory relief in state court for Chancellor Jefferson's alleged wrongdoing." Doc. 29 at 6. Faced with that conclusion, Plaintiff offers no argument to the contrary, meaning his request for injunctive relief fails. And while Section 1983 does allow declaratory relief against judicial officers, a request for such relief fails where, as here, the claim is subject to an abstention doctrine and, relatedly but independently, the Plaintiff lacks standing. *See Ward v. City of Norwalk*, 640 F. App'x 462, 468 (6th Cir. 2016). This objection is **OVERRULED**.

**Objection 6:** Plaintiff "requests de novo review of the specific findings and conclusions identified above and liberal construction of his pro se objections." Doc. 30 at 8. This is not an

objection, but rather a request concerning how his objections are treated before the district court. The Court has liberally read Plaintiff's objections and applied de novo review as appropriate. This purported objection is therefore **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation. Doc. 29. Defendant's Motion to Dismiss (Doc. 32) is **GRANTED.** Entry of judgment will follow.

**IT IS SO ORDERED**, this 22nd day of September, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE